## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

MATTHEW S. WADE,                    )
                                    )
        Plaintiff,                    )                    Civil Action No. 5:12-0241
                                    )
v.                                  )
                                    )
JUDGE JOHN A. HUTCHISON, *et al.*,  )
                                    )
        Defendants.                   )

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Applications to Proceed Without Prepayment of Fees. (Document No. 1). Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Applications to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

### FACTUAL BACKGROUND

On February 6, 2012, Plaintiff, acting *pro se* and in confinement at Mount Olive Correctional Complex in Mt. Olive, West Virginia, filed a Complaint claiming entitlement to relief under 42 U.S.C. §1983.[1] (Document No. 3.) Plaintiff names the following as Defendants: (1) Judge John A. Hutchison, Raleigh County Circuit Court; (2) Kristen Keller, Raleigh County Prosecutor; (3) Danny Moore; (4) J.C. Canady; (5) Sgt. K.D. Harold; (6) C.T. Darlington; (7) M. Feltner; (8) Cpl. J.C. Ballengee; (9) R.L. Booker; (10) Raleigh County Sheriffs Department; (11) Sgt. D. Lucas; and (12)

---

[1]  Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

West Virginia State Police. (Id.) Plaintiff alleges that the above Defendants are subjecting him to false imprisonment. (Id., p. 5.) Plaintiff explains that he was the subject of a mental health hygiene petition and Magistrate Humphreys conducted a hearing on the petition on November 1, 2006. (Id., p. 8.) Plaintiff states Sgt. K.D. Harold and Cpl. J.H. Ballangee were present at the hearing and Plaintiff "allegedly made threatening statements to Officers Ballangee and Harold." (Id.) Plaintiff states that Magistrate Humphreys granted the petition and sent Plaintiff to Sharpes Hospital in Weston, West Virginia. (Id.) Plaintiff complains that as a result of his alleged threats made during the hearing, "Officer Harold obtained an arrest warrant for the plaintiff for threatening a judicial officer and a detainer was placed upon him at Sharpes Hospital." (Id.) Plaintiff states that on "November 17, 2006, [he] was taken in front of Raleigh County Circuit Court Judge Hutchinson where his probation was temporarily revoked until a doctor's report could be obtained from Sharpes Hospital." (Id., pp. 8 - 9.) Plaintiff alleges that he was then transported to the Southern Regional Jail, where he was placed in a cell with Jeffery Morton. (Id., p. 9.) Plaintiff complains that in January, 2007, his "mental health medication was discontinued and replaced with Prozac, which caused him to rapidly deteriorate mentally." (Id.) Plaintiff contends that "shortly after the discontinuation of the plaintiff's medication, he received a message, by telephone, that his daughter had been raped by an individual named [J.P.]." (Id.) Plaintiff alleges that Jeffery Morton asked Plaintiff if he "wanted someone to take care of [J.P.] for raping the plaintiff's daughter," but Plaintiff declined to agree to such a plan. (Id., p. 10.) Plaintiff asserts that "[d]uring the ensuing 30 days, Jeffery Morton elicited information from the plaintiff concerning the charges he was incarcerated for, and Morton began feeding ideas into the plaintiff's mind that the plaintiff needed to 'take care' of several Raleigh County judicial officials before they 'took care' of him." (Id.) Plaintiff claims that Morton

2

"convinced the plaintiff that Tom Truman of the Raleigh County Prosecutor's Office, and Sgt. Harold of the Raleigh County Sheriff's Department, were out to get him, to either ruin his life by attempting to kill the plaintiff and/or the plaintiff's family." (Id.) Plaintiff asserts that "[o]n or about March 6, 2007, Jeffery Morton contacted Chief Deputy Steve Kessler, of the Fayette County Sheriff's Office [and] informed Kessler that he knew of an alleged plot in which the plaintiff was trying to have several Raleigh County Judicial Officers killed." (Id., p. 11.) Plaintiff alleges that on March 9, 2007, "Morton wore a wire into the Southern Regional Jail and supposedly taped a conversation with the plaintiff in which the plaintiff stated he wanted to have Sgt. Harold, Tom Truman, and [J.P.] killed." (Id.) Plaintiff claims that "[s]hortly thereafter, Morton was released from the Southern Regional Jail and placed on home confinement." (Id.) Plaintiff states that on March 15, 2007, and March 17, 2007, Morton visited Plaintiff at the Southern Regional Jail, where Plaintiff allegedly stated that he wanted to have several people killed. (Id.) Plaintiff states that during the March 17, 2007, visit "Morton was supposedly accompanied by State Trooper Lucas," who Plaintiff allegedly agreed to hire as a "hit man" to kill Sgt. Harold. (Id.) Plaintiff alleges that he was improperly arrested on March 19, 2007, "for retaliating against a public official and solicitation of a first degree murder."[2] (Id.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious

---

[2] According to the West Virginia Division of Corrections' website, Plaintiff is currently incarcerated as a result of his convictions in Raleigh County Circuit Court for Attempt to Commit a Felony and Retaliation Against a Public Official (Case No. 07-F-338-H).

or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

A Plaintiff must file a Section 1983 action within the prescribed time period. Because there is no federally prescribed statute of limitation, Courts look to and apply their respective State's statutes of limitation. See Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594

(1989). The Fourth Circuit has recognized that "in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the West Virginia limitation on personal injury actions applies." McCausland v. Mason County Bd. of Ed., 649 F.2d 278 (4th Cir. 1981), cert. denied, 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981). Under West Virginia law, the applicable period of limitations for a claim of false arrest and false imprisonment is one-year. Wilt v. State Auto. Mut. Ins. Co., 203 W.Va. 165, 506 S.E.2d 608, 613 (1998); also see Snodgrass v. Sisson's Mobile Home Sales, Inc., 161 W.Va. 588, 244 S.E.2d 321 (1978). Although the limitation period is borrowed from State law, the question of when a cause of action accrues is answered according to federal law. See Brooks v. City of Winston-Salem, NC, 85 F.3d 178, 181 (4th Cir. 1996). Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, MD House of Corr., 64 F.3d 951, 955 (4th Cir. 1995)(en banc), cert. denied, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996)(citing United States v. Kubrick, 444 U.S. 111, 122-24, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). "Accrual of a claim does not 'await awareness by the plaintiff that his injury was negligently inflicted.'" Nasim, 64 F.3d at 955 (quoting, Childers Oil Co., Inc. v. Exxon Corp., 960 F.2d 1265, 1272 (4th Cir. 1992)). Accordingly, for a Section 1983 action, "a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice -- e.g., by the knowledge of the fact of injury and who caused it -- to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." Nasim, 64 F.3d at 955. To determine when a plaintiff possessed knowledge of his injury, the Court "may look to the common-law cause of action most closely analogous to the constitutional right at stake as an 'appropriate starting point.'" Brooks, 85 F.3d at 181 (citations omitted).

Plaintiff's Complaint alleges that he was unlawfully arrested and detained in violation of his constitutional rights because there was insufficient evidence to support his arrest. A Section 1983 claim for false arrest or false imprisonment accrues when the claimant is detained pursuant to legal process.[3] Wallace v. Kato, 549 U.S.384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007)(holding "that the statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.").[4] Plaintiff states that he was arrested on March 19, 2007.[5] Accordingly, by applying the West Virginia one-year statute of limitation, together with the federal standard of accrual, the undersigned finds that Plaintiff's cause of action for false arrest expired on March 19, 2008, one-year from the date Plaintiff was detained pursuant to legal process. Plaintiff filed his Complaint on February 6, 2012. Accordingly, the one-year statute of limitations has run as to Plaintiff's claim of false arrest and false imprisonment.[6]

---

[3] The Supreme Court noted that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Wallace*, 127 S.Ct. at 1095.

[4] Generally, a plaintiff knows of his injuries in a cause of action for false arrest without probable cause on the date of his arrest. Thus, a cause of action for false arrest will accrue at the time of arrest. *See Covington v. City of New York*, 171 F.3d 117 (2d Cir.), *cert. denied*, 528 U.S. 946, 120 S.Ct. 363, 145 L.Ed.2d 284 (1999); *Rose v. Bartle*, 871 F.2d 331, 348-49, 351 (3d Cir. 1989).

[5] It is "well established that where an officer presents all relevant probable cause evidence to an intermediary, such as a prosecutor, a grand jury, or a magistrate, the intermediary's independent decision to seek a warrant, issue a warrant or return an indictment breaks the causal chain and insulates the officer from a Section 1983 claim based on lack of probable cause for an arrest or prosecution." *Rhodes v. Smithers*, 939 F.Supp. 1256, 1274 (S.D.W.Va. 1995).

[6] To the extent Plaintiff is alleging that his constitutional rights were violated as a result of his criminal conviction in the Circuit Court of Raleigh County, Plaintiff has failed to state a cognizable claim under Section 1983 pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the United States Supreme Court held that:

[I]n order to recover damages for allegedly unconstitutional conviction or

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1.), **DISMISS** Plaintiff's Complaint (Document No. 3.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

---

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

*Id.* at 486-87, 114 S.Ct. 2372. *See also Ballenger v. Owens*, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck*, since judgment in arrestee's favor would have implied the invalidity of conviction). The undersigned finds that because Plaintiff has not demonstrated that his criminal conviction has been invalidated, Plaintiff's Section 1983 claim is not cognizable pursuant to *Heck*.

7

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985);

Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94

(4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this

Magistrate Judge.

    The Clerk is requested to send a copy of this Proposed Findings and Recommendation to

Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

    Date: February 8, 2013.

R. Clarke VanDervort
United States Magistrate Judge